1 F.3d 1242
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard ISATALA, Defendant-Appellant.
 No. 92-2104.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1993.
 
 Before: NELSON and SUHRHEINRICH, Circuit Judges; CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this appeal following remand for resentencing, defendant challenges the sentence imposed for his preguideline conviction on count four of the superseding indictment charging him with possession with intent to distribute fifty-five kilograms of marijuana. Defendant also challenges the imposition of a $20,000 fine. Finding his contentions to be without merit, we AFFIRM.
 
 
 2
 Defendant was convicted of, among other things, conspiracy to distribute marijuana in violation of 21 U.S.C. Sec. 846 and possession of marijuana with intent to distribute it in violation of 21 U.S.C. Sec. 841(a)(1). In the first appeal, this court affirmed defendant's convictions on eight diverse counts of marijuana violations and remanded for the limited purpose of resentencing in light of the government's concession that defendant had been adversely affected by being sentenced under a version of the guidelines in effect at the time of his sentencing but not in effect when he committed the crimes. Pursuant to the mandate issued by this court, the district court resentenced defendant to a mandatory ten-year sentence under 21 U.S.C. Sec. 841(b)(1)(A)(vii) and resentenced to the same sentence as originally imposed on the remaining guideline and preguideline counts.
 
 
 3
 For the very first time defendant alleges that the district court erred in sentencing him under his preguideline conviction on count four because the quantity of marijuana he was held responsible for possessing with intent to distribute is clearly erroneous. Because defendant did not raise the issue at any time during the prior proceedings, the issue is waived in this appeal. United States v. Morrow, 977 F.2d 222, 230 (6th Cir.1992) (en banc), cert. denied, 61 U.S.L.W. 3834 (U.S. Jun. 14, 1993).
 
 
 4
 Even under a plain error standard, defendant's contention fails since the government presented evidence at trial that Isatala possessed 55.608 kilograms of marijuana seized from his farm. Defendant's argument that the evidence of the weight of marijuana erroneously included "stalks, earth jars, etc.," is likewise not supported by the record. In any event, count four of the superseding indictment charged defendant only with regard to "processed marijuana." This claim is without merit.
 
 
 5
 Defendant also contends that the district court erred in imposing a $20,000 fine, half of which is allegedly to be paid from his prison earnings. Defendant likewise failed to raise this issue previously and has therefore waived it. United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992) (defendant must first present claim concerning alleged misapplication of Sentencing Guidelines to district court before appellate court will entertain it).
 
 
 6
 Defendant would not prevail on the merits anyway because he did not meet his burden of establishing he is unable to pay the fine. United States v. Hickey, 917 F.2d 901, 906-07 (6th Cir.1990). Defendant did not present any evidence to the district court which would show his impecuniousness. Further, this court can consider "any undisclosed income or assets of the defendant, or unexplained expenditures which are not inconsistent with his reported income." United States v. Hays, 899 F.2d 515, 518 (6th Cir.1990), cert. denied, 498 U.S. 958 (1993). When defendant was arrested, state officials found old cars abandoned for new ones, stainless steel equipment, and newly constructed farm buildings. In addition, the district court did not err in considering defendant's family wealth when assessing defendant's ability to pay the fine. See Hickey, 917 F.2d at 907.
 
 
 7
 Finally, defendant has misinterpreted the lower court's order, which does not require defendant to pay $10,000 of the fine with prison earnings. Rather, it orders defendant to turn over half of his institutional earnings, to be applied toward payment of the fine.
 
 
 8
 AFFIRMED.